Han v. Holder

BIA
Mulligan, IJ
A087 481 101

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand thirteen.

PRESENT:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

CHUNZI HAN,
> *Petitioner,*

    v.                      12-251

                                    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; Remi Da Rocha-Afodu, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chunzi Han, a native and citizen of the People's Republic of China, seeks review of a December 30, 2011, decision of the BIA affirming the April 1, 2010, decision of an Immigration Judge ("IJ"), which pretermitted her asylum application as untimely, and in the alternative, denied her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") for a lack of credibility. *In re Chunzi Han*, No. A087 481 101 (B.I.A. Dec. 30, 2011), *aff'g* No. A087 481 101 (Immig. Ct. N.Y.C. Apr. 1, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam). For asylum applications such as Han's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum

2

applicant's demeanor, the plausibility of her account, and inconsistencies in her statements and record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

In finding Han not credible, the agency reasonably relied in part on her demeanor, noting her long pauses before answering certain questions. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc). The IJ's demeanor finding was further supported by specific examples of discrepancies in the record. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). In this regard, the agency reasonably found that Han's testimony that she had not applied for a U.S. entry visa prior to her alleged arrival in the United States in April 2008 was inconsistent with record evidence indicating that she had in fact applied for such a visa in September 2007. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Additionally, the agency reasonably found that Han testified inconsistently with regard to the dates she sent

away a North Korean refugee whom she had hired to work at her restaurant in China and whom authorities had discovered. *See Xiu Xia Lin*, 534 F.3d at 167. Contrary to her contention, Han was put on notice of this inconsistency prior to the close of her case before the IJ. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006).

Finally, because Han does not challenge the IJ's finding that she failed to adequately corroborate her claim with reliable evidence, it stands as a valid basis for the agency's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Thus, given the absence of corroborating evidence, as well as the discrepancies and demeanor finding, we find no error in the agency's denial of asylum, withholding of removal, and CAT relief on credibility grounds. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We do not reach the agency's pretermission of Han's asylum application as untimely because its alternative adverse credibility determination is dispositive of that claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

5